CONFIDENTIAL-SUBJECT TO NDA
7/5/24

## Reservation Agreement By and Between
## Wildcat Infrastructure, LLC and STG

This Reservation Agreement (this "Agreement") defines the key terms and obligations agreed to by the Parties with respect to certain power and land resources.  The "Parties" are Wildcat Infrastructure, LLC ("Wildcat") and Sy Tech Group, Inc ("STG"). Each of the Parties may be referred to in the singular as a "Party."

WHEREAS, Wildcat and its partners are developing an Energy Park based in Festus, MO (the "Site") for crypto-mining and/or hyperscale applications;

WHEREAS, Wildcat is offering both greenfield and as-built land sites with guaranteed large scale industrial power to tenants that wish to lease from Wildcat ("Project");

WHEREAS, in order to guarantee STG availability of space and power at the Site until such time as the Definitive Agreements are executed, a refundable deposit is required to be paid by STG to Wildcat.

WHEREAS, Wildcat has received a holding payment for $100,000 from Lipeng Xue and will refund that payment to Mr. Xue upon receipt of the reservation fee described herein.

NOW, THEREFORE, in consideration of the premises and the mutual promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

1. **Reservation Details:**

During the period of this agreement, Wildcat will reserve the following for STG:

    a. Land Reservation:
        i. 15 Acres located off of State Road P, Festus, Jefferson County, Missouri. Parcel #18-1.0-11.0-0-000- 014 and/or another controlled site directly south of that location
    b. Power Capacity:
        i. 100MW power to be interconnected to Wildcat's under construction distribution substation or via an existing 34.5KV interconnect directly with the utility.
    c. Power Delivery Date:
        i. Power On No Later Than 11/30/24
    d. Power Rate:
        i. $0.05/kwh
    e. Term
        i. 5 year initial term

CONFIDENTIAL-SUBJECT TO NDA
7/5/24

2. **Reservation Period:**

The reservation period will be from July 5, 2024 to July 31, 2024 and may be extended by mutual agreement of the Parties.

3. **Reservation Deposit and Refunds:**

STG will pay Wildcat a refundable reservation fee on the following terms:

   a. Amount: $1,000,000.
   b. Payment Due Date: Upon execution of this Agreement via wire transfer
   c. Collection of Deposit and Return (if required pursuant to Section 3d) will be supervised by Wildcat's counsel, Seth Stodder / WML, LLC, and payments will be cleared through a designated escrow account.
   d. Refund Policy:

   The Reservation Period will end and Wildcat will refund the fee within 30 days for any of the following reasons:

      i. STG informs Wildcat that it no longer wishes to proceed with this transaction
      ii. The Reservation Period expires without an extension agreed to by the Parties or the execution of Definitive Agreements
      iii. There is a material adverse event that would prevent the completion of the transaction

4. **No Obligation to Complete Transaction**

Neither party will have any obligation to complete the transactions described herein until Definitive Agreements are executed. However, during the Reservation Period, Wildcat may not enter into any other agreements with third parties that would limit Wildcat's ability to complete the contemplated transactions with STG.

5. **Entire Agreement; Assignment**

This Agreement a) constitutes the entire agreement among the Parties with respect to the subject matter hereof and supersedes all other prior agreements and understandings, both written and oral, among the Parties with respect to the subject matter hereof and (b) shall not be assigned by any Party (whether by operation of Law or otherwise) without written consent of the Parties. Any attempted assignment of this Agreement not in accordance with the terms of this Section 5 shall be void. This agreement may be amended or modified only by a written document signed by both parties.

6. **Notices**

All notices, requests, claims, demands and other communications hereunder shall be in writing and shall be given (and shall be deemed to have been duly given upon receipt) by delivery in person, by email (followed by overnight courier), delivery by a nationally recognized overnight

CONFIDENTIAL-SUBJECT TO NDA
7/5/24

courier or by registered or certified mail (postage prepaid, return receipt requested) to the other Parties as follows:

To Wildcat:

Jonathan Blackburn
Sidley Austin LLP
1 S Dearborn St, Chicago, IL 60603

Email: notices@wildcat.llc, jblackburn@sidley.com

To STG:

STG LLC
Sy Tech Group Inc
700 January Dr
Plano, TX 75025

Or to such other address as the Party to whom notice is given may have previously furnished to the others in writing in the manner set forth above.

## 7. Governing Law

This Agreement shall be governed by and construed in accordance with the Laws of the State of Texas, without giving effect to any choice of Law or conflict of Law provision or rule (whether of the State of Texas or any other jurisdiction) that would cause the application of the Law of any jurisdiction other than the State of Texas.

## 8. Fees and Expenses

Except as otherwise set forth in this Agreement, all fees and expenses incurred in connection with this Agreement and the transactions contemplated by this Agreement, including the fees and disbursements of counsel, financial advisors and accountants, shall be paid by the Party incurring such fees or expenses.

## 9. Parties in Interest

This Agreement shall be binding upon and inure solely to the benefit of each Party and its successors and permitted assigns and nothing in this Agreement, express or implied, is intended to or shall confer upon any other Person any rights, benefits or remedies of any nature whatsoever under or by reason of this Agreement.

## 10. Representation by Counsel

Each of the Parties agrees that it has been represented by independent counsel of its choice during the negotiation and execution of this Agreement and the documents referred to herein, and that it has executed the same upon the advice of such independent counsel. Each Party and its counsel cooperated in the drafting and preparation of this Agreement and the documents referred to herein, and any and all drafts relating thereto shall be deemed the work product of the Parties and may not be construed against any Party by reason of its preparation. Therefore, the Parties waive the application

CONFIDENTIAL-SUBJECT TO NDA
7/5/24

of any Law providing that ambiguities in an agreement or other document will be construed against the Party drafting such agreement or document.

## 11. Severability

If any term or other provision of this Agreement is invalid, illegal or unenforceable, all other provisions of this Agreement shall remain in full force and effect so long as the economic or legal substance of the transactions contemplated hereby is not affected in any manner materially adverse to any Party.

## 12. Counterparts; Facsimile Signatures

This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which shall constitute one and the same agreement.  Delivery of an executed counterpart of a signature page to this Agreement by facsimile or scanned pages shall be effective as delivery of a manually executed counterpart to this Agreement.

## 13.  Mediation, Arbitration and Jury Waiver

1) Any disputes arising under this agreement shall first be attempted to be resolved through mediation.
2) The Parties agree that any and all disputes arising out of the terms of this Agreement or the transactions, their interpretation, and any of the matters herein, shall be subject to arbitration in Houston, Texas, before a single Arbitrator from Judicial Arbitration & Mediation Services ("JAMS").
3) The Arbitrator may grant injunctions and other relief in such disputes.  To the extent that the JAMS rules conflict with Texas law, Texas law shall take precedence.  The decision of the Arbitrator shall be final, conclusive, and binding on the parties to the arbitration.
4) The Parties agree that the Prevailing Party in any Arbitration shall be entitled to injunctive relief in any court of competent jurisdiction to enforce the Arbitration Award.
5) The Parties to the Arbitration shall each pay an equal share of the costs and expenses of such Arbitration, and each party shall separately pay for its respective counsel fees and expenses.
1) THE PARTIES HEREBY AGREE TO WAIVE THEIR RIGHT TO HAVE ANY DISPUTE BETWEEN THEM RESOLVED IN A COURT OF LAW BY A JUDGE OR JURY. NOTWITHSTANDING THE FOREGOING, THIS SECTION WILL NOT PREVENT EITHER PARTY FROM SEEKING INJUNCTIVE RELIEF (OR ANY OTHER PROVISIONAL REMEDY) FROM ANY COURT HAVING JURISDICTION OVER THE PARTIES AND THE SUBJECT MATTER OF THEIR DISPUTE RELATING TO THIS AGREEMENT AND THE AGREEMENTS INCORPORATED HEREIN BY REFERENCE.  SHOULD ANY PART OF THE ARBITRATION AGREEMENT CONTAINED IN THIS PARAGRAPH CONFLICT WITH ANY OTHER ARBITRATION AGREEMENT BETWEEN THE PARTIES, THE PARTIES AGREE THAT THIS ARBITRATION AGREEMENT SHALL GOVERN.

CONFIDENTIAL-SUBJECT TO NDA
7/5/24

IN WITNESS WHEREOF, the parties hereto have executed this Reservation Agreement to be effective as of July 5, 2024.

**Wildcat Infrastructure, LLC**

By: _____

Name:   Eric Nicolaides

Title:   Group Chief Executive Officer

**STG, LLC**

By: _____

Name:   Lipeng Xue

Title:   Authorized Signer