# MUTUAL RELEASE AGREEMENT

This Mutual Release Agreement ("Agreement") is entered into by and Sy Tech Group, Inc., a Texas Corporation and STG LLC a Texas Limited Liability Company (hereinafter referred to collectively as "Sy Tech") and Wildcat Infrastructure, LLC (herein referred to as "Wildcat"), a Delaware Limited Liability Company (hereinafter referred to as "Wildcat"). Sy Tech and Wildcat will sometimes collectively be referred to as "the Parties."

## RECITALS

WHEREAS, Wildcat and Sy Tech executed that certain reservation agreement executed June 24, 2024.

WHEREAS, Wildcat executed a revised reservation agreement on July 5, 2024 which Sy Tech never returned and/or counter-executed. The Parties agree that this revised agreement was never executed and therefore null and void.

WHEREAS, Sy Tech did not make any payments to Wildcat prior to, during or after the Reservation Period.

WHEREAS, Any funds received by Wildcat during the Reservation Period are acknowledged to have been received by Mining Depot USA, Inc. and/or Lipeng Xue, individually and were not directly paid by Sy Tech.

WHEREAS, the Reservation Period has now expired and no other written or verbal agreements were made between the Parties.

NOW, THEREFORE, Parties agree as follows:

## 1. NO OBLIGATION

The Parties acknowledge and affirm that neither Party has any obligation to the other and that the prior Agreements between the Parties are now null and void and there are no continuing obligations between the Parties.

## 2. MUTUAL RELEASE OF CLAIMS

2.1 **Release by SY TECH**: SY TECH, on behalf of itself, its members and/or shareholders, subsidiaries, affiliates, successors, assigns, and any other party acting on its behalf (collectively, "SY TECH Releasors"), hereby releases and forever discharges Wildcat, its members and/or shareholders, officers, directors, employees, agents, affiliates, successors, assigns, and any other party acting on its behalf (collectively, "Wildcat Releasees") from any and all claims, demands, actions, causes of action, whether direct or in a derivative capacity, liabilities, losses, and damages, whether known or unknown, arising from any matter occurring before the date of this Agreement, except for any claims arising from the failure to comply with this Agreement.

2.2 **Release by Wildcat**: Wildcat, on behalf of itself, its members and/or shareholders, its subsidiaries, affiliates, successors, assigns, and any other party acting on its behalf (collectively, "Wildcat Releasors"), hereby releases and forever discharges SY TECH, its members and/or

shareholders, its officers, directors, employees, agents, affiliates, successors, assigns, and any other party acting on its behalf (collectively, "SY TECH Releasees") from any and all claims, demands, actions, causes of action, whether direct or in a derivative capacity, liabilities, losses, and damages, whether known or unknown, arising from any matter occurring before the date of this Agreement, except for any claims arising from the failure to comply with this Agreement.

## 3. NON-ADMISSION OF LIABILITY

This Agreement is not an admission of any liability or wrongdoing by either Party. Both Parties expressly deny any and all liability or wrongdoing of any kind.

## 4. NO PENDING OR FUTURE CLAIMS

Each Party represents and warrants that it has no pending claims, lawsuits, or other legal actions against the other Party as of the date of this Agreement and that it will not institute any claims, lawsuits, or other legal actions against the other Party in the future for any matter arising prior to the execution of this Agreement.

## 5. GOVERNING LAW

This Agreement shall be governed by and construed in accordance with the laws of the State of Texas, without regard to its conflicts of law principles.

## 6. ARBITRATION

ARBITRATION. THE PARTIES AGREE THAT ANY AND ALL DISPUTES ARISING OUT OF THE TERMS OF THIS AGREEMENT, THEIR INTERPRETATION, AND ANY OF THE MATTERS HEREIN RELEASED, SHALL BE SUBJECT TO ARBITRATION IN HARRIS COUNTY, BEFORE JUDICIAL ARBITRATION & MEDIATION SERVICES ("JAMS"), PURSUANT TO ITS COMPREHENSIVE ARBITRATION RULES & PROCEDURES ("JAMS RULES"). THE ARBITRATOR MAY GRANT INJUNCTIONS AND OTHER RELIEF IN SUCH DISPUTES. THE ARBITRATOR SHALL ADMINISTER AND CONDUCT ANY ARBITRATION IN ACCORDANCE WITH TEXAS LAW, INCLUDING THE TEXAS CODE OF CIVIL PROCEDURE, AND THE ARBITRATOR SHALL APPLY SUBSTANTIVE AND PROCEDURAL TEXAS LAW TO ANY DISPUTE OR CLAIM, WITHOUT REFERENCE TO ANY CONFLICT-OF-LAW PROVISIONS OF ANY JURISDICTION. TO THE EXTENT THAT THE JAMS RULES CONFLICT WITH TEXAS LAW, TEXAS LAW SHALL TAKE PRECEDENCE. THE DECISION OF THE ARBITRATOR SHALL BE FINAL, CONCLUSIVE, AND BINDING ON THE PARTIES TO THE ARBITRATION. THE PARTIES AGREE THAT THE PREVAILING PARTY IN ANY ARBITRATION SHALL BE ENTITLED TO INJUNCTIVE RELIEF IN ANY COURT OF COMPETENT JURISDICTION TO ENFORCE THE ARBITRATION AWARD. THE PARTIES TO THE ARBITRATION SHALL EACH PAY AN EQUAL SHARE OF THE COSTS AND EXPENSES OF SUCH ARBITRATION, AND EACH PARTY SHALL SEPARATELY PAY FOR ITS RESPECTIVE COUNSEL FEES AND EXPENSES; PROVIDED, HOWEVER, THAT THE ARBITRATOR SHALL AWARD ATTORNEYS' FEES AND COSTS TO THE PREVAILING PARTY, EXCEPT AS PROHIBITED BY LAW. THE PARTIES HEREBY AGREE TO WAIVE THEIR RIGHT TO

HAVE ANY DISPUTE BETWEEN THEM RESOLVED IN A COURT OF LAW BY A JUDGE OR JURY. NOTWITHSTANDING THE FOREGOING, THIS SECTION WILL NOT PREVENT EITHER PARTY FROM SEEKING INJUNCTIVE RELIEF (OR ANY OTHER PROVISIONAL REMEDY) FROM ANY COURT HAVING JURISDICTION OVER THE PARTIES AND THE SUBJECT MATTER OF THEIR DISPUTE RELATING TO THIS AGREEMENT AND THE AGREEMENTS INCORPORATED HEREIN BY REFERENCE. SHOULD ANY PART OF THE ARBITRATION AGREEMENT CONTAINED IN THIS PARAGRAPH CONFLICT WITH ANY OTHER ARBITRATION AGREEMENT BETWEEN THE PARTIES, THE PARTIES AGREE THAT THIS ARBITRATION AGREEMENT SHALL GOVERN.

**7. DRAFTING AND LEGAL REVIEW**

Each party acknowledges that they have had the opportunity to consult with independent legal counsel of their choosing regarding this Agreement. Both parties agree and acknowledge that this Agreement has been reviewed and negotiated by each party and their respective legal counsel, and therefore, any rule of construction or interpretation that resolves ambiguities against the drafter shall not apply to this Agreement. This Agreement shall be deemed to have been drafted jointly by the parties.

**8. ENTIRE AGREEMENT**

This Agreement constitutes the entire understanding and agreement between the Parties concerning the subject matter hereof and supersedes all prior negotiations, understandings, or agreements between the Parties regarding such subject matter.

**9. SEVERABILITY**

If any provision of this Agreement is found to be invalid, illegal, or unenforceable, the remainder of this Agreement shall remain in full force and effect, and the invalid, illegal, or unenforceable provision shall be amended to the minimum extent necessary to make it valid, legal, and enforceable.

**10. COUNTERPARTS**

This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties hereto have executed this Mutual Release Agreement as of the date(s) set forth below.

**Date:** 11/27/2024

Sy Tech Group, Inc.

By: *Lipeng (Marcus) Xue* (Signed by F69373BA80E94BB...)
Name: Lipeng (Marcus) Xue
Title: Director

**Date:** 11/27/2024

STG, LLC

By: *Lipeng (Marcus) Xue* (Signed by F69373BA80E94BB...)
Name: Lipeng (Marcus) Xue
Title: Director

**Date:** 12/4/2024

Wildcat Infrastructure, LLC

By: *E Nicolaides* (DocuSigned by EAC2013F84B57A31...)
Name: Eric Nicolaides
Title: Group CEO