

4340 Von Karman Ave., Suite 290
Newport Beach, California 92660
Tel: 949-299-0188
Fax: 949-299-0127
www.ardentlawgroup.com

*Sender's* email
hkuo@ardentlawgroup.com

June 4, 2025

**Via Emails Only:**
C/O: Alfred Southerland, Esq.
Eric Nicolaides
Wildcat Infrastructure, LLC
alf@southerlandlawfirm.com

Seth Stodder, Esq.
WML, LLC
sethstodder@stodderlaw.com

Re:   Civil Theft Pre-Suit Demand Letter Pursuant to Fla. Stat. Sec. 772.11

Dear Messrs. Southerland and Stodder,

As you know, this office represents Lipeng (Marcus) Xue, Jia (Cayla) Li, and Mining Depot USA, Inc. ("Clients") with the above matter.

Without any legal justification, your clients have retained and refused to return our clients' funds totaling $1,150,000. Pursuant to the relevant documents, this fund was fully refundable and was supposed to be maintained by Mr. Stodder until the underlying transaction would be terminated or approved. Alas, it has been over eight months and no portion of the funds has yet to be returned despite several written promises to do so.

My investigation of the facts can only conclude that the funds has been misappropriated by the parties involved, which constitutes civil theft under Florida law. This notice is provided to you as a condition precedent for filing a lawsuit. See Fla. Stat. Sec. 772.11. A copy of said statute is attached hereto for your information. Be aware that the statute authorizes treble damages bringing the value of the damages and this demand to **$3,450,000**. The statute allows you 30 days from the receipt of this letter within which to comply with this demand. If you comply, you will be given a written release from further civil liability for the wrongful retention of the money. The statute also provides for the award of attorney's fees and court costs should a lawsuit be filed.

Due to the foregoing, this demand will remain open for thirty days from the date you receive this letter or July 3, 2025. Payment of this refund shall be made by wire, which wire instructions will be provided once you confirm that the refund will be made. Unless you respond and provide the refund by the above date, a civil lawsuit will be immediately filed.

Alfred Southerland, Esq.
Seth Stodder, Esq.

June 4, 2025
Page 2

      The foregoing is not intended to be a complete recitation of all applicable law and/or facts, and shall not be deemed to constitute a waiver or relinquishment of any of the Client's rights or remedies, whether legal or equitable, all of which are hereby expressly reserved.

                                      Very truly yours,

                                      Hubert H. Kuo, Esq. of
                                      ARDENT LAW GROUP

cc: Jonathan Blackburn, Esq. via jblackburn@sidley.com
Encl: as stated

Select Year: 2024 ⌄ Go

# The 2024 Florida Statutes (including 2025 Special Session C)

| Title XLV | Chapter 772 | View Entire Chapter |
|---|---|---|
| TORTS | CIVIL REMEDIES FOR CRIMINAL PRACTICES | |

**772.11  Civil remedy for theft or exploitation.**—

(1)  Any person who proves by clear and convincing evidence that he or she has been injured in any fashion by reason of any violation of ss. 812.012-812.037 or s. 825.103(1) has a cause of action for threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and court costs in the trial and appellate courts. Before filing an action for damages under this section, the person claiming injury must make a written demand for $200 or the treble damage amount of the person liable for damages under this section. If the person to whom a written demand is made complies with such demand within 30 days after receipt of the demand, that person shall be given a written release from further civil liability for the specific act of theft or exploitation by the person making the written demand. Any person who has a cause of action under this section may recover the damages allowed under this section from the parents or legal guardian of any unemancipated minor who lives with his or her parents or legal guardian and who is liable for damages under this section. Punitive damages may not be awarded under this section. The defendant is entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim that was without substantial fact or legal support. In awarding attorney's fees and costs under this section, the court may not consider the ability of the opposing party to pay such fees and costs. This section does not limit any right to recover attorney's fees or costs provided under any other law.

(2)  For purposes of a cause of action arising under this section, the term "property" does not include the rights of a patient or a resident or a claim for a violation of such rights.

(3)  This section does not impose civil liability regarding the provision of health care, residential care, long-term care, or custodial care at a licensed facility or care provided by appropriately licensed personnel in any setting in which such personnel are authorized to practice.

(4)  The death of an elderly or disabled person does not cause the court to lose jurisdiction of any claim for relief for theft or exploitation when the victim of the theft or exploitation is an elderly or disabled person.

(5)  In a civil action under this section in which an elderly or disabled person is a party, the elderly or disabled person may move the court to advance the trial on the docket. The presiding judge, after consideration of the age and health of the party, may advance the trial on the docket. The motion may be filed and served with the civil complaint or at any time thereafter.

History.—s. 3, ch. 86-277; s. 47, ch. 88-381; s. 5, ch. 89-303; s. 1181, ch. 97-102; s. 2, ch. 2002-195; s. 8, ch. 2014-200.

Copyright © 1995-2025 The Florida Legislature • Privacy Statement • Contact Us